**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: clifforbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Valerie Valle and Keely Siegel**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**B & R Lyles Enterprises LLC d/b/a Bikini Beans**, an Arizona limited liability company; **Benjamin Lyles and Regina Lyles**, a married couple,<br><br>Defendants. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Valerie Valle and Keely Siegel ("Plaintiffs"), on behalf of themselves and all other persons similarly situated who are current or former employees of Defendants, by and through the undersigned attorneys, sues the Defendants, B & R Lyles Enterprises, LLC and Benjamin Lyles and Regina Lyles ("Defendants" or "Bikini Beans"), a married couple, and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.    This lawsuit also arises under Arizona Minimum Wage Act ("AMWA") Arizona Revised Statutes ("ARS") § 23-363 for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

3.    Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Baristas and Managers of Defendants who were employed by Defendants at any time starting three years before this complaint was filed, up to the present.

4.    Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.    Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage due and owing to Plaintiffs and others similarly-situated in violation of ARS § 23-363.

6.    Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated Baristas, current and former, of Defendants.  Members of the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Collective Action who work or worked as Baristas at any time starting three years before this complaint was filed are referred to as the "Barista Collective Members."

7.  Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated Managers, current and former, of Defendants.  Members of the Collective Action who work or worked as Managers at any time starting three years before this complaint was filed are referred to as the "Manager Collective Members."

8.  Defendants' failure to compensate Plaintiffs and all similarly-situated employees who worked as Baristas at a rate equal to Arizona's required minimum wage violates ARS § 23-363.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action who work or worked as Baristas at any time starting three years before this complaint was filed are referred to as the "Barista Class Members."

9.  Defendants' failure to compensate Plaintiffs and all similarly-situated employees who worked as Managers at a rate equal to Arizona's required minimum wage violates ARS § 23-363.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action who work or worked as Managers at any time starting three years before this complaint was filed are referred to as the "Manager Class Members."

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

10. Defendants own and operate a chain of drive-through coffee shops in the Phoenix Metropolitan Area of Arizona that does business as Bikini Beans and which is the subject of this lawsuit.

11. Defendants operate a chain of coffee shops that offers an array of coffee drinks served by employees dressed in bikinis.

12. Defendants have a policy and practice of paying Plaintiffs and the Barista Collective Members a sub-minimum hourly wage under the tip-credit provisions of the FLSA and Arizona wage law.

13. Defendants violated the FLSA by paying Plaintiffs and the Barista Collective Members sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, which resulted them not receiving the applicable minimum wage, in violation of 29 U.S.C. § 203(m).

14. Defendants violated the AMWA by paying Plaintiffs and the Barista Class Members sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the AMWA, which resulted them not receiving the applicable minimum wage, in violation of the AMWA and Arizona Administrative Code (AAC) § R20-5-1207(c).

15. Defendants violated the FLSA by paying Plaintiffs and the Barista Collective Members a sub-minimum, tip-credit wages without allowing them to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

16. Defendants violated the FLSA by paying Plaintiffs and the Barista Collective Members sub-minimum, tip-credit wages while making improper deductions

-4-

from their paychecks which brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

17.    Defendants violated the AMWA by paying Plaintiffs and the Barista Class Members a sub-minimum, tip-credit wages while making improper deductions from their paychecks which brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

18.    Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Collective Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Collective Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties.  During such time, Defendants did not record the time that Plaintiffs and the Barista Collective Members worked, and Defendants did not compensate Plaintiffs or the Barista Collective Members for such time that they worked. As such, Defendants' records of the time that Plaintiff and the Barista Collective Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Barista Collective Members to work. Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Collective Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a).  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Collective Members not receiving an overtime premium for time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

19.     Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Class Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Class Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties.  During such time, Defendants did not record the time that Plaintiffs and the Barista Class Members worked, and Defendants did not compensate Plaintiffs or the Class Members for such time that they worked.  As such, Defendants' records of the time that Plaintiff and the Barista Class Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Barista Class Members to work.  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Class Members not receiving minimum wage in a given workweek, in violation of the AMWA, ARS § 23-363.

20.     Defendants violated the FLSA by paying making improper deductions from Plaintiffs' and the Manager Collective Members' wages, which brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

21.     Defendants violated the AMWA by making improper deductions from Plaintiffs' and the Manager Class Members' wages, which brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

22.     Defendants engaged in the regular practice of requiring Plaintiffs and the Manager Collective Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1  Manager Collective Members were required to clock out and continue to perform work

2  for Defendants, to work from home while not clocked in, and/or attend mandatory unpaid

3  meetings and mandatory unpaid house parties. During such time, Defendants did not

4  record the time that Plaintiffs and the Manager Collective Members worked, and

5  Defendants did not compensate Plaintiffs or the Manager Collective Members for such

6  time that they worked. As such, Defendants' records of the time that Plaintiff and the

7  Manager Collective Members worked, if in existence, understate the duration of time

8  each workweek that Defendants suffered or permitted Plaintiffs and the Manager

9  Collective Members to work. Such a policy and practice on the part of Defendants

10  resulted in Plaintiffs and the Manager Collective Members not receiving minimum wage

11  in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a). Such a policy and

12  practice on the part of Defendants resulted in Plaintiffs and the Manager Collective

13  Members not receiving an overtime premium for time they spent working in excess of 40

14  hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

15      23.    Defendants engaged in the regular practice of requiring Plaintiffs and the

16  Manager Collective Members to perform labor while not clocked in ("off-the-clock").

17  This practice most commonly occurred, though not exclusively, when Plaintiffs and the

18  Manager Collective Members were required to clock out and continue to perform work

19  for Defendants, to work from home while not clocked in, and/or attend mandatory unpaid

20  meetings and mandatory unpaid house parties. During such time, Defendants did not

21  record the time that Plaintiffs and the Manager Collective Members worked, and

22  Defendants did not compensate Plaintiffs or the Manager Collective Members for such

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

time that they worked.  As such, Defendants' records of the time that Plaintiff and the Manager Collective Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Manager Collective Members to work.  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Class Members not receiving minimum wage in a given workweek, in violation of the AMWA, ARS § 23-363.

## **JURISDICTION AND VENUE**

24.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Arizona law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

26.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Barista Collective Members, the Barista Class Action Members, the Manager Collective Members, and the Manager Class Action Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

27.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

28.     Plaintiff Valerie Valle is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

29.     Plaintiff Valerie Valle was employed by Defendants and worked at the Bikini Beans stores located at 2330 North 7th Street, Phoenix, AZ 85006 (the "Phoenix Location"), 1420 North Scottsdale Road, Tempe, AZ 85281 (the "Tempe Location"), and 2816 South Country Club Drive, Mesa, AZ 85210 (the "Mesa Location") from approximately May 2016 until approximately January 2019.  Plaintiff Valerie Valle worked as a barista at the Phoenix, Tempe, and Mesa Locations and as a manager at the Phoenix and Mesa Locations.

30.     Plaintiff Valerie Valle serves in the capacity of a representative Plaintiff on behalf of the Barista Collective Members and the Barista Class Members for the time she spent working for Defendants as a Barista.

31.     Plaintiff Valerie Valle serves in the capacity of a representative Plaintiff on behalf of the Manager Collective Members and the Manager Class Members for the time she spent working for Defendants as a Manager.

32.     Plaintiff Keely Siegel is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

33.     Plaintiff Keely Siegel was employed by Defendants and worked at the Bikini Beans Tempe Location and Mesa Locations from approximately January 2019 until approximately July 2019.

34.     Plaintiff Keely Siegel serves in the capacity of a representative Plaintiff on behalf of the Barista Collective Members and the Barista Class Members for the time she spent working for Defendants as a Barista.

35.     Plaintiffs have given her written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are appended hereto as "**Exhibit A**."

36.     At all material times, the Barista Collective Members and the Barista Class Members were paid by Defendants as tipped employees under the FLSA and the AMWA. Defendants paid the Barista Collective Members and the Barista Class Members less than the applicable minimum hourly wage on account of their receipt of tips.

37.     At all material times, the Manager Collective Members and the Manager Class Members were paid by Defendants an hourly rate slightly above the applicable minimum wage, generally around $15 to $18 per hour.

38.     At all material times, Plaintiffs the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members were employees of Defendants as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

39.     At all material times, B & R Lyles Enterprises, LLC was a limited liability company duly licensed to transact business in the State of Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

40.    Defendant B & R Lyles Enterprises, LLC does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

41.    At all material times, Defendant B & R Lyles Enterprises, LLC is Plaintiffs', the Barista Collective Members', the Barista Class Members', the Manager Collective Members', and the Manager Class Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

42.    Under the FLSA, Defendant B & R Lyles Enterprises, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant B & R Lyles Enterprises, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Barista Collective Members', the Barista Class Members', the Manager Collective Members', and the Manager Class Members' employment with Defendants.  Having acted in the interest of Bikini Beans in relation to the company's employees, including Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members, Defendant B & R Lyles Enterprises, LLC is subject to liability under the FLSA.

43.    Defendant Benjamin Lyles and Regina Lyles are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Benjamin Lyles

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

and Regina Lyles are owners of Bikini Beans and were at all relevant times Plaintiffs', the Barista Collective Members', the Barista Class Members', the Manager Collective Members', and the Manager Class Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

44.     Under the FLSA, Defendants Benjamin Lyles and Regina Lyles are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Benjamin Lyles and Regina Lyles are the owners of Bikini Beans.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Barista Collective Members', the Barista Class Members', the Manager Collective Members', and the Manager Class Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Benjamin Lyles and Regina Lyles are subject to individual liability under the FLSA and the AMWA.

45.     Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

46.     Defendants, and each of them, are sued in both their individual and corporate capacities.

-12-

47.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members.

48.     At all relevant times, Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

49.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

50.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

51.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs', the Barista Collective Members', the Barista Class Members', the Manager Collective Members', and the Manager Class Members' work and wages at all relevant times.

52.     At all relevant times, Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

53.     At all relevant times, Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

-13-

54.     At all relevant times, all Defendants were joint employers of Plaintiffs, the Barista Collective Members, the Barista Class Members, the Manager Collective Members, and the Manager Class Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

55.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

56.     Defendants operate a chain of drive-through coffee shops under the assumed name "Bikini Beans."  They advertise themselves as such on their website.  The fact that they run each Bikini Beans location identically or nearly identically, and their customers can expect the same kind of customer service regardless of the location, is a significant advertising point of Defendants.

57.     Defendants represent themselves to the general public as coffee shop company operating at multiple locations.  They share employees, have a common management, have a common ownership, operate each location as "Bikini Beans," pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name.  This is a family of coffee shops that advertises together

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

on the same website, provides the same array of products and services to its customers, and uses the same business model.  The Bikini Beans family of locations exists under the control and direction of Defendants Benjamin Lyles and Regina Lyles.  This family of coffee shops provides the same services and products to its customers by using a set formula when conducting its business.  Part of that set formula is the wage violations alleged in this Complaint.

58.     Defendants' business purpose is to own and manage a chain of coffee shops known as Bikini Beans.

59.     Defendants own and operate at least four Bikini Beans locations.

60.     These locations include the following:

a.      Bikini Beans Phoenix, located at 2330 North 7th Street, Phoenix, Arizona 85006 (the "Phoenix Location");

b.      Bikini Beans Tempe, located at 1420 North Scottsdale Road, Tempe, AZ 85281 (the "Tempe Location");

c.      Bikini Beans Mesa, located at 2816 South Country Club Drive, Mesa, AZ 85210 (the "Mesa Location");

d.      Bikini Beans Peoria, located at 12315 North 75th Avenue, Peoria, AZ 85381.

## STATEMENT OF FACTS

61.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

62.     Defendants paid Plaintiffs and the Barista Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

63.     Defendants paid Plaintiffs and the Barista Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the AMWA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of ARS § 23-363 and AAC § R20-5-1207(c).

64.     Defendants paid their tipped employees–including Plaintiffs and the Barista Collective Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, in violation of 29 U.S.C. § 203(m).

65.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

66.     Defendants paid their tipped employees–including Plaintiffs and the Barista Class Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the AMWA, in violation of AAC § R20-5-1207(c).

67.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the AMWA and AAC § R20-5-1207(c).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

68.     Defendants did not allow Plaintiffs and the Barista Collective to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

69.     Defendants did not allow Plaintiffs and the Barista Collective Members to retain all tips they earned because they subjected Plaintiffs and the Barista Collective Members to their "late fees," which were fines Defendants imposed on its tipped employees who arrived late to work.  Specifically, in the event a tipped employee arrived late to work, Defendants would require them to disgorge all of their tips to a tip pool that included other tipped employees and managers.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).

70.     Defendants subjected all of their Baristas–including Plaintiffs, the Barista Collective Members, and the Barista Class Members–to their policy and practice of charging all of their Baristas a $300 training fee, which Defendants charged to any Barista who did not complete a minimum of 180 consecutive days of employment with Bikini Beans.  Any Barista who discontinued working for, or was otherwise terminated by, Bikini Beans was required to pay Defendants $300, which was deducted from the Barista's final paycheck.  In addition, Defendants charged any Barista who committed "Job Abandonment" –defined by Bikini Beans as when the employee does not show up for a designated shift, fails to complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14 day notice prior to voluntarily resigning from his/her employment.  Pursuant to that policy, Defendants charged any Barista who committed "Job Abandonment" $300, which was deducted for her final paycheck.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

71.     Defendants charged Plaintiff Keely Siegel pursuant to the aforementioned policy.  As a result, Plaintiff Keely Siegel did not receive her final paycheck as a result of Defendants having so charged them.

72.     Defendants subjected all of their Baristas–including Plaintiffs, the Barista Collective Members, and the Barista Class Members–to their policy and practice of charging all of their Baristas for uniforms and either making them pay directly for them out-of-pocket or deducting uniform costs from their paychecks.

73.     Such policies on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Barista Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

74.     Such policies on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Barista Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of ARS 23-363.

75.     Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Collective Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Collective Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties.  During such time, Defendants did not record the time that Plaintiffs and the Barista Collective Members worked, and Defendants did not compensate Plaintiffs or the Barista Collective Members for such time that they worked.  As such, Defendants' records of the time that Plaintiff and the Barista Collective Members worked, if in existence, understate the duration of time each workweek that

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants suffered or permitted Plaintiffs and the Barista Collective Members to work. Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Collective Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a). Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Collective Members not receiving an overtime premium for time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

76.     Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Class Members to perform labor while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Class Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties. During such time, Defendants did not record the time that Plaintiffs and the Barista Class Members worked, and Defendants did not compensate Plaintiffs or the Class Members for such time that they worked. As such, Defendants' records of the time that Plaintiff and the Barista Class Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Barista Class Members to work. Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Class Members not receiving minimum wage in a given workweek, in violation of the AMWA, ARS § 23-363.

77.     Defendants subjected all of their Managers–including Plaintiffs, the Manager Collective Members, and the Manager Class Members–to their policy and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

practice of charging all of their Barista a $1,200 training fee, which Defendants charged to any Manager who did not complete a minimum of one year of employment with Bikini Beans. Any Manager who discontinued working for, or was otherwise terminated by, Bikini Beans was required to pay Defendants $1,200, which was deducted from the Manager's final paycheck. In addition, Defendants charged any Manager who committed "Job Abandonment" –defined by Bikini Beans as when the employee does not show up for a designated shift, fails to complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14 day notice prior to voluntarily resigning from his/her employment. Pursuant to that policy, Defendants charged any Manager who committed "Job Abandonment" $1,200, which was deducted for her final paycheck.

78.    Defendants charged Plaintiff Valerie Valle upon her departure from the employment of Defendants pursuant to the aforementioned policy. As a result, Plaintiff Valerie Valle did not receive her final paycheck as a result of Defendants having so charged them.

79.    Defendants subjected all of their Managers–including Plaintiffs, the Manager Collective Members, and the Manager Class Members–to their policy and practice of charging all of their Managers for uniforms and either making them pay directly for them out-of-pocket or deducting uniform costs from their paychecks.

80.    Such policies on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Manager Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

81.     Such a policy on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Manager Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of ARS 23-363.

82.     Defendants engaged in the regular practice of requiring Plaintiffs and the Manager Collective Members to perform labor while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs and the Manager Collective Members were required to clock out and continue working, work from home, and required to attend mandatory unpaid meetings and mandatory unpaid house parties.  During such time, Defendants did not record the time that Plaintiffs and the Manager Collective Members worked, and Defendants did not compensate Plaintiffs or the Manager Collective Members for such time that they worked.  As such, Defendants' records of the time that Plaintiff and the Manager Collective Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Manager Collective Members to work.  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Collective Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a).  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Collective Members not receiving an overtime premium for time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

83.     Defendants engaged in the regular practice of requiring Plaintiffs and the Manager Class Members to perform labor while not clocked in ("off-the-clock").  This

practice most commonly occurred, though not exclusively, when Plaintiffs and the Manager Class Members were required to clock out and continue working, work from home, and required to attend mandatory unpaid meetings and mandatory unpaid house parties.  During such time, Defendants did not record the time that Plaintiffs and the Manager Class Members worked, and Defendants did not compensate Plaintiffs or the Manager Class Members for such time that they worked.  As such, Defendants' records of the time that Plaintiff and the Manager Class Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Manager Class Members to work.  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Class Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a).  Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Class Members not receiving minimum wage in a given workweek, in violation of the AMWA, ARS § 23-363.

## FLSA COLLECTIVE ACTION ALLEGATIONS

84.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85.    Plaintiffs brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

86.    Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated Baristas and Managers employed by Defendants at any time three years before the filing of this Complaint through the present.

// 

// 

87.     Plaintiffs seek to notify the following subclasses employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **Barista Collective Members: All individuals who worked at any time for Defendants as Baristas starting three years before this lawsuit was filed up to the present.**

> **Manager Collective Members: All individuals who worked at any time for Defendants as Managers starting three years before this lawsuit was filed up to the present.**

88.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

89.     The AMWA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act.  ARS § 23-363.  As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the AMWA.  Accordingly, the Court should require appropriate notice of

this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

90.     Upon information and belief, Defendants have employed more than 100 employees to whom either or both subclass description apply during the period relevant to this action.

91.     The identities of these employees, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

92.     Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

93.     Collective adjudication is appropriate in this case because the employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected.

## ARIZONA CLASS ACTION ALLEGATIONS

94.     Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Plaintiffs brings their Arizona wage claims as a Rule 23 class action on behalf of the following subclasses:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**Barista Class Members: All individuals who worked at any time for Defendants as Baristas starting three years before this lawsuit was filed up to the present.**

**Manager Class Members: All individuals who worked at any time for Defendants as Managers starting three years before this lawsuit was filed up to the present.**

96.     <u>Numerosity</u>.  The number of Class Action Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendants.

97.     <u>Typicality</u>.  Plaintiffs' claims are typical of the both subclasses of Class Action Members because like the Class Action Members, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Action Members.  Defendants regularly required Plaintiffs and the Class Action Members to work off-the-clock, pay for uniforms, and incur substantially identical payroll deductions.  As a result, Defendants failed to pay Plaintiff and the Class Action Members minimum wage for hours worked.

98.     As a result of such policy and practice by Defendants, Defendants violated the minimum wage provisions of ARS § 23-363.

99.   <u>Adequacy</u>.  Plaintiffs are representative parties who will fairly and adequately protect the interests of the Class Action Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the Class Action Members they seek to represent.

100.   <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.   Whether Defendants required Plaintiffs and the Class Action Members to perform work off-the-clock;

b.   Whether Defendants failed to pay Plaintiffs and the Class Action Members the minimum wage for all hours worked; and

c.   Whether Defendants subjected Plaintiffs and the Class Action Members to the wage deductions of which they complain.

101.   Common issues of law include, but are not limited to:

a.   Whether Defendants properly paid all minimum wages due and owing to Plaintiffs and the Class Action Members;

b.   Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs and the Class Action Members;

c. Whether Plaintiffs and the Class Action Members are entitled to compensatory damages;

d. The proper measure of damages sustained by Plaintiffs and the Class Action Members; and

e. Whether Defendants' actions were "willful."

102. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

103. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendants' records.

104. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on

-27-

each Defendant to prove it properly compensated its employees; (3) the burden is on each

Defendant to accurately record hours worked by employees; and (4) the burden is on each

Defendant to prove it properly imposed the tip credit upon its employees.

105.    Ultimately, a class action is a superior forum to resolve the Arizona state

law claims set forth in this Complaint because of the common nucleus of operative facts

centered on the continued failure of Defendants to pay Plaintiffs and the Class Action

Members according to applicable Arizona laws.

106.    <u>Nature of Notice to be Proposed.</u>  As to the Rule 23 Class Action Members,

it is contemplated that notice would be issued giving putative class members an

opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the

pendency and resolution of the action can be provided to the Class Action Members by

mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**<u>COUNT ONE: FLSA–MINIMUM WAGE</u>**
**<u>BARISTA COLLECTIVE MEMBERS</u>**
**<u>FAILURE TO PROVIDE NOTICE OF TIP CREDIT</u>**

107.    Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs.

108.    Defendants did not inform Plaintiffs and the Barista Collective Members of

the provisions of the "tip credit" in 29 U.S.C. § 203(m).

109.    As a result, Defendants were not entitled to take a tip credit against

Plaintiffs' and the Barista Collective Member's minimum wages.

110.    Defendants failed and/or refused to pay Plaintiff and the Collective

Members the full minimum wage according to the provisions of the FLSA for each and

every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

111.    As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

112.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

113.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FLSA–MINIMUM WAGE
### BARISTA COLLECTIVE MEMBERS
### IMPROPER TIP RETENTION

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

114.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

115.   Defendants did not allow Plaintiffs and the Barista Collective to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

116.   Defendants did not allow Plaintiffs and the Barista Collective Members to retain all tips they earned because they subjected Plaintiffs and the Barista Collective Members to their "late fees," which were fines Defendants imposed on its tipped employees who arrived late to work.  Specifically, in the event a tipped employee arrived late to work, Defendants would require them to disgorge all of their tips to a tip pool that included other tipped employees and managers.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).

117.   Defendants therefore failed and/or refused to allow Plaintiffs and the Barista Collective Members to retain all tips they earned according to the provisions of the FLSA for each and every workweek that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

118.   Defendants knew that – or acted with reckless disregard as to whether – their failure to allow Plaintiffs and the Barista Collective Members all tips they earned over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Barista Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

119.    Plaintiffs and the Barista Collective Members are therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for retained, unpaid tips, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FLSA–MINIMUM WAGE
### BARISTA COLLECTIVE MEMBERS
### IMPROPER DEDUCTIONS FROM WAGES

120.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

121.    Defendants subjected all of their Baristas–including Plaintiffs and the Barista Collective Members–to their policy and practice of charging all of their Baristas a $300 training fee, which Defendants charged to any Barista who did not complete a minimum of 180 consecutive days of employment with Bikini Beans.  Any Barista who discontinued working for, or was otherwise terminated by, Bikini Beans was required to pay Defendants $300, which was deducted from the Barista's final paycheck.  In addition, Defendants charged any Barista who committed "Job Abandonment" –defined by Bikini Beans as when the employee does not show up for a designated shift, fails to complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

day notice prior to voluntarily resigning from his/her employment.  Pursuant to that

policy, Defendants charged any Barista who committed "Job Abandonment" $300, which

was deducted for her final paycheck.

122.    Defendants subjected all of their Baristas–including Plaintiffs and the

Barista Collective Members–to their policy and practice of charging all of their Baristas

for uniforms and either making them pay directly for them out-of-pocket or deducting

uniform costs from their paychecks.

123.    Such policies on Defendants' part violated the FLSA because the

deductions from Plaintiffs' and the Barista Collective Members' paychecks brought their

wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

124.    As such, Defendants therefore failed and/or refused to pay Plaintiffs and the

Barista Collective Members the full minimum wage according to the provisions of the

FLSA for at least one or more workweeks that they worked for Defendants, for the

duration of their employment, in violation of 29 U.S.C. § 206(a).

125.    Defendants knew that – or acted with reckless disregard as to whether –

their failure to pay Plaintiffs and the Barista Collective Members the full minimum wage

over the course of their employment would violate federal law, and Defendants were

aware of the FLSA minimum wage requirements during Plaintiffs' and the Barista

Collective Members' employment.  As such, Defendants' conduct constitutes a willful

violation of the FLSA.

126.    Plaintiffs and the Barista Collective Members are therefore entitled to

compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

additional equal amount as liquidated damages, together with interest, reasonable

attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on

behalf of all other similarly situated persons, respectfully request that this Court grant

relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for

compensation for unpaid minimum wages, plus liquidated damages, prejudgment and

post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action,

and any additional relief this Court deems just and proper.

**COUNT FOUR: FLSA–MINIMUM WAGE**
**BARISTA COLLECTIVE MEMBERS**
**OFF-CLOCK WORK**

127.    Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs.

128.    Defendants engaged in the regular practice of requiring Plaintiffs and the

Barista Collective Members to perform labor while not clocked in ("off-the-clock").  This

practice most commonly occurred, though not exclusively, when Plaintiffs and the

Barista Collective Members were required to attend mandatory unpaid meetings and

mandatory unpaid house parties.

129.    Such a policy and practice on the part of Defendants resulted in Plaintiffs

and the Barista Collective Members not receiving minimum wage in a given workweek,

in violation of the FLSA, 29 U.S.C. § 206(a).

130.    By requiring Plaintiffs and the Barista Collective Members to work off-the-

clock, Defendants violated the minimum wage provisions of 29 U.S.C. § 206.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

131.    Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs and the Barista Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiffs' and the Barista Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: FLSA–OVERTIME
### BARISTA COLLECTIVE MEMBERS
### OFF-CLOCK WORK

132.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

133.    Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Collective Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Collective Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties.

134.    Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Collective Members not receiving an overtime premium for time they

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29

2   U.S.C. § 207(a).

3       135.   By requiring Plaintiffs and the Barista Collective Members to work off-the-

4   clock, Defendants violated the overtime provisions of 29 U.S.C. § 207.

5

6       136.   Defendants knew that – or acted with reckless disregard as to whether –

7   requiring Plaintiffs and the Barista Collective Members to work off-the-clock, would

8   violate federal law and Defendants were aware of the FLSA minimum wage and

9   overtime requirements during Plaintiffs' and the Barista Collective Members'

10  employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

11

12      **WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on

13  behalf of all other similarly situated persons, respectfully request that this Court grant

14  relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for

15  compensation for unpaid minimum wages, plus liquidated damages, prejudgment and

16  post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action,

17

18  and any additional relief this Court deems just and proper.

19
20                  **COUNT SIX: AMWA**
                **BARISTA CLASS MEMBERS**
21          **FAILURE TO PROVIDE NOTICE OF TIP CREDIT**

22      137.   Plaintiffs reallege and incorporate by reference all allegations in all

23  preceding paragraphs.

24      138.   Defendants did not inform Plaintiffs and the Barista Class Members of the

25

26  provisions of the "tip credit" in ARS § 23-363 and AAC § R20-5-1207(c).

27

                            -35-

139.   Defendants did not inform Plaintiffs and the Barista Class Members in writing of the provisions of the "tip credit" in ARS § 23-363 and AAC § R20-5-1207(c).

140.   As a result, Defendants were not entitled to take a tip credit against Plaintiffs' and the Barista Class Member's minimum wages.

141.   Defendants failed and/or refused to pay Plaintiffs and the Barista Class Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Class Members worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

142.   As such, full applicable minimum wage for such time Plaintiffs and the Barista Class Members worked is owed to Plaintiff and the Class Members for the entire time they were employed by Defendants.

143.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Barista Class Members the full minimum wage over the course of their employment would violate state and federal law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiffs' and the Barista Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

144.   Plaintiffs and the Barista Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT SEVEN: AMWA
BARISTA CLASS MEMBERS
IMPROPER DEDUCTIONS FROM WAGES**

145.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

146.    Defendants subjected all of their Baristas–including Plaintiffs and the Barista Class Members–to their policy and practice of charging all of their Baristas a $300 training fee, which Defendants charged to any Barista who did not complete a minimum of 180 consecutive days of employment with Bikini Beans.  Any Barista who discontinued working for, or was otherwise terminated by, Bikini Beans was required to pay Defendants $300, which was deducted from the Barista's final paycheck.  In addition, Defendants charged any Barista who committed "Job Abandonment" –defined by Bikini Beans as when the employee does not show up for a designated shift, fails to complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14 day notice prior to voluntarily resigning from his/her employment.  Pursuant to that policy, Defendants charged any Barista who committed "Job Abandonment" $300, which was deducted for her final paycheck.

147.    Defendants subjected all of their Baristas–including Plaintiffs and the Barista Class Members–to their policy and practice of charging all of their Baristas for uniforms and either making them pay directly for them out-of-pocket or deducting uniform costs from their paychecks.

148.    Such policies on Defendants' part violated the AMWA because the deductions from Plaintiffs' and the Barista Class Members' paychecks brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

149.    As such, Defendants therefore failed and/or refused to pay Plaintiffs and the Barista Class Members the full minimum wage according to the provisions of the FLSA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

150.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Barista Class Members the full minimum wage over the course of their employment would violate state and federal law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiffs' and the Barista Class Members' employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

151.    Plaintiffs and the Barista Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT EIGHT: AMWA
## BARISTA CLASS MEMBERS
## OFF-CLOCK WORK

152.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

153.    Defendants engaged in the regular practice of requiring Plaintiffs and the Barista Class Members to perform labor while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs and the Barista Class Members were required to attend mandatory unpaid meetings and mandatory unpaid house parties.

154.    Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Barista Class Members not receiving minimum wage in a given workweek, in violation of the AMWA, ARS § 23-363.

155.    By requiring Plaintiffs and the Barista Class Members to work off-the-clock, Defendants violated the minimum wage provisions of ARS § 23-363.

156.    Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs and the Barista Class Members to work off-the-clock, would violate

state and federal law and Defendants were aware of the AMWA minimum wage and

overtime requirements during Plaintiffs' and the Barista Class Members' employment.

As such, Defendants' conduct constitutes a willful violation of the AMWA.

  **WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on

behalf of all other similarly situated persons, respectfully request that this Court grant

relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for

compensation for unpaid minimum wages, plus liquidated damages, prejudgment and

post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action,

and any additional relief this Court deems just and proper.

**COUNT NINE: FLSA**
**MANAGER COLLECTIVE MEMBERS**
**IMPROPER DEDUCTIONS FROM WAGES**

  157. Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs.

  158. Defendants subjected all of their Managers–including Plaintiffs and the

Manager Collective Members–to their policy and practice of charging all of their

Managers a $1,200 training fee, which Defendants charged to any Manager who did not

complete a minimum of one year of employment with Bikini Beans. Any Manager who

discontinued working for, or was otherwise terminated by, Bikini Beans was required to

pay Defendants $1,200, which was deducted from the Manager's final paycheck. In

addition, Defendants charged any Manager who committed "Job Abandonment" –defined

by Bikini Beans as when the employee does not show up for a designated shift, fails to

complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14

day notice prior to voluntarily resigning from his/her employment.  Pursuant to that policy, Defendants charged any Manager who committed "Job Abandonment" $1,200, which was deducted for her final paycheck.

159.   Defendants subjected all of their Managers–including Plaintiffs and the Manager Collective Members–to their policy and practice of charging all of their Managers for uniforms and either making them pay directly for them out-of-pocket or deducting uniform costs from their paychecks.

160.   Such policies on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Manager Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

161.   As such, Defendants therefore failed and/or refused to pay Plaintiffs and the Manager Collective Members the full minimum wage according to the provisions of the FLSA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

162.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Plaintiffs and the Manager Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Manager Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

163.   Plaintiffs and the Manager Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an

additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TEN: FLSA–MINIMUM WAGE
## MANAGER COLLECTIVE MEMBERS
## OFF-CLOCK WORK

164.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

165.    Defendants engaged in the regular practice of requiring Plaintiffs and the Manager Collective Members to perform labor while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs and the Manager Collective Members were required to clock out and continue to perform work for Defendants, to work from home while not clocked in, and/or attend mandatory unpaid meetings and mandatory unpaid house parties.

166.    Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Collective Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a).

-42-

167.    Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Collective Members not receiving minimum wage in a given workweek, in violation of the FLSA, 29 U.S.C. § 206(a).

168.    By requiring Plaintiffs and the Manager Collective Members to work off-the-clock, Defendants violated the minimum wage provisions of 29 U.S.C. § 206.

169.    Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs and the Manager Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiffs' and the Manager Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT ELEVEN: FLSA–OVERTIME
### MANAGER COLLECTIVE MEMBERS
### OFF-CLOCK WORK

170.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

171.    Defendants engaged in the regular practice of requiring Plaintiffs and the Manager Collective Members to perform labor while not clocked in ("off-the-clock").

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

This practice most commonly occurred, though not exclusively, when Plaintiffs and the Manager Collective Members were required to clock out and continue to perform work for Defendants, to work from home while not clocked in, and/or attend mandatory unpaid meetings and mandatory unpaid house parties.

172.   Such a policy and practice on the part of Defendants resulted in Plaintiffs and the Manager Collective Members not receiving an overtime premium for time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

173.   By requiring Plaintiffs and the Manager Collective Members to work off-the-clock, Defendants violated the overtime provisions of 29 U.S.C. § 207.

174.   Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs and the Manager Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiffs' and the Barista Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-44-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

### COUNT TWELVE: AMWA
### MANAGER CLASS MEMBERS
### IMPROPER DEDUCTIONS FROM WAGES

175.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

176.    Defendants subjected all of their Managers–including Plaintiffs and the Manager Class Members–to their policy and practice of charging all of their Managers a $1,200 training fee, which Defendants charged to any Manager who did not complete a minimum of one year of employment with Bikini Beans.  Any Manager who discontinued working for, or was otherwise terminated by, Bikini Beans was required to pay Defendants $1,200, which was deducted from the Manager's final paycheck.  In addition, Defendants charged any Manager who committed "Job Abandonment" –defined by Bikini Beans as when the employee does not show up for a designated shift, fails to complete his/her designated shift and/or does not offer Bikini Beans Coffee a written 14 day notice prior to voluntarily resigning from his/her employment.  Pursuant to that policy, Defendants charged any Manager who committed "Job Abandonment" $1,200, which was deducted for her final paycheck.

177.    Defendants subjected all of their Managers–including Plaintiffs and the Manager Class Members–to their policy and practice of charging all of their Managers for uniforms and either making them pay directly for them out-of-pocket or deducting uniform costs from their paychecks.

-45-

178.    Such policies on Defendants' part violated the FLSA because the deductions from Plaintiffs' and the Manager Class Members' paychecks brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

179.    As such, Defendants therefore failed and/or refused to pay Plaintiffs and the Manager Class Members the full minimum wage according to the provisions of the AMWA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

180.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Plaintiffs and the Manager Class Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiffs' and the Manager Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

181.    Plaintiffs and the Manager Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-46-

post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action,

and any additional relief this Court deems just and proper.

## COUNT THIRTEEN: AMWA
## MANAGER CLASS MEMBERS
## OFF-CLOCK WORK

182.    Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs.

183.    Defendants engaged in the regular practice of requiring Plaintiffs and the

Manager Class Members to perform labor while not clocked in ("off-the-clock").  This

practice most commonly occurred, though not exclusively, when Plaintiffs and the

Manager Class Members were required to clock out and continue to perform work for

Defendants, to work from home while not clocked in, and/or attend mandatory unpaid

meetings and mandatory unpaid house parties.

184.    Such a policy and practice on the part of Defendants resulted in Plaintiffs

and the Manager Collective Members not receiving minimum wage in a given workweek,

in violation of the AMWA, ARS § 23-363.

185.    Such a policy and practice on the part of Defendants resulted in Plaintiffs

and the Manager Class Members not receiving minimum wage in a given workweek, in

violation of the AMWA, ARS § 23-363.

186.    By requiring Plaintiffs and the Manager Class Members to work off-the-

clock, Defendants violated the minimum wage provisions of ARS § 23-363.

187.    Defendants knew that – or acted with reckless disregard as to whether –

requiring Plaintiffs and the Manager Class Members to work off-the-clock, would violate

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

state and federal law and Defendants were aware of the AMWA minimum wage and overtime requirements during Plaintiffs' and the Manager Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

**WHEREFORE**, Plaintiffs, Valerie Valle and Keely Siegel, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Barista Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th Day of July, 2020.

BENDAU & BENDAU PLLC

By: <u>/s/ *Clifford P. Bendau, II*</u>
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiffs*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-48-