**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Valle, et al., | No. CV-20-01513-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| B & R Lyles Enterprises LLC, et al., | |
| Defendants. | |

On September 14, 2020, the parties filed a stipulation seeking a second extension of time for Defendants to respond to the complaint. (Doc. 16.) On September 15, 2020, Plaintiffs filed an amended complaint (Doc. 17) and a "Notice of Filing First Amended Co[mp]laint" pursuant to LRCiv 15.1(b). (Doc. 18.)

Pursuant to LRCiv 15.1(b), a party amending as a matter of course or with the opposing parties' consent must file a notice of filing the amended pleading. Here, the notice does not indicate whether the amended complaint was intended to be filed as a matter of course or with the opposing parties' written consent. If it was the latter, the notice failed to certify that the amendment is filed with Defendants' written consent, as is required by LRCiv 15.1(b).

If it was the former—that is, if the amended complaint was intended to be filed "as a matter of course"—that option is not currently available to Plaintiffs. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to

which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, service was effected as to all three Defendants on August 2, 2020 (Docs. 7, 8, 9), so more than 21 days has elapsed since service. And no Defendant has filed a responsive pleading or a Rule 12(b), (e), or (f) motion, so Rule 15(a)(1)(A) is as-of-yet inapplicable. *Servin v. FCA US, LLC*, 2020 WL 2468766, *1 (C.D. Cal. 2020).

Thus, Plaintiffs must either obtain Defendants' written consent to amend or file a motion for leave to amend,[1] or they can wait to see if Defendants will respond in a manner that will open the Rule 15(a)(1)(A) window for amendment as a matter of course.

Had the amended complaint been properly filed at this time (*e.g.*, had it certified that it was filed with Defendants' written consent), the parties' stipulation for an extension of time for Defendants to respond to the original complaint would be moot. But although the amended complaint likely will soon be properly filed, it has not been properly filed yet. Therefore, the stipulation will be granted.

The amended complaint (Doc. 17) and notice of filing (Doc. 18) shall be struck. Plaintiffs may refile their amended complaint (which will be the "First Amended Complaint," as the struck one doesn't count) as soon as they can properly file it pursuant to LRCiv 15.1(b). The notice of filing should clearly indicate whether it is filed pursuant to Rule 15(a)(1)(B) or Rule 15(a)(2), and if it is the latter, it must include the certification required by LRCiv 15.1(b). If Plaintiffs seek Defendants' written consent but cannot obtain it, they may file a motion pursuant to LRCiv 15.1(a).

Accordingly,

**IT IS ORDERED** that the parties' stipulation seeking a second extension of time for Defendants to respond to the complaint (Doc. 16) is **granted**. The deadline for Defendants to respond to the complaint is extended to September 28, 2020.

…

…

---

[1] Pursuant to the Court's preliminary order, Plaintiff should seek Defendants' written consent before resorting to amendment by motion. Doc. 6 at 2 n.1.

**IT IS FURTHER ORDERED** that the amended complaint (Doc. 17) and notice of filing (Doc. 18) are **struck**.

Dated this 16th day of September, 2020.

*Dominic W. Lanza*
United States District Judge